UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

DARK STORM INDUSTRIES LLC, BRIAN DOHERTY, and KEVIN SCHMUCKER,

                              *Plaintiffs*,

                -against-

ANDREW M. CUOMO, in his official capacity as Governor of the State of New York, EMPIRE STATE DEVELOPMENT CORPORATION, and ELIZABETH RUTH FINE, ESQ.,

                              *Defendants*.

**ANSWER**

20-CV-0360

LEK/ATB

---

Defendants Andrew M. Cuomo, Elizabeth Ruth Fine, and Empire State Development Corporation, by their attorney, Letitia James, Attorney General of the State of New York, Andrew W. Koster, Assistant Attorney General, of counsel, answer the Complaint as follows:

## INTRODUCTION[1]

1. Deny the allegations contained in Paragraph 1, except admit Plaintiffs file this Complaint seeking declaratory and injunctive relief.

## PARTIES AND RELEVANT FACTS RELATING TO EACH

2. Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 2. Furthermore, the Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in footnote 1. Regarding footnote 2, Defendants

---

[1] Defendants refer to Plaintiffs' headings and titles for ease of reference, but to the extent those headings and titles can be construed to contain factual allegations, Defendants deny the allegations.

deny knowledge or information sufficient to form a belief as to the meaning Plaintiffs intend to convey by use of the term "firearm."

3. Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 3.

4. Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 4. Furthermore, Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in footnote 3.

5. Deny the allegations contained in Paragraph 5, except admit that Andrew M. Cuomo is a natural person and the Governor of the State of New York and that Plaintiffs have named Governor Cuomo in his official capacity in the Complaint.

6. Deny the allegations contained in Paragraph 6, except admit that Empire State Development exists under the laws of the State of New York.

7. Deny the allegations contained in Paragraph 7, except that Elizabeth Fine is a natural person and is employed by ESD.

## JURISDICTION AND VENUE

8. Deny the allegations contained in Paragraph 8, except admit that Plaintiffs rely upon the cited authority for subject matter jurisdiction, declaratory relief, and injunctive relief.

9. Deny the allegations in Paragraph 9, except admit that Plaintiffs rely upon the cited authority to establish venue.

## THE EXECUTIVE ORDERS AND THEIR IMPLEMENTATION

10. Deny. The first Executive Order was numbered 202.

11. Deny the allegations contained in Paragraph 11, except admit that subsequent Executive Orders are numbered with decimal points.

12. Deny the allegations contained in Paragraph 12, except admit that on March 18, 2020, Governor Cuomo issued Executive Order 202.6, which provides, in part, that: "Effective on March 20 at 8 p.m.: All businesses and not-for-profit entities in the state shall utilize, to the maximum extent possible, any telecommuting or work from home procedures that they can safely utilize. Each employer shall reduce the in-person workforce at any work locations by 50% no later than March 20 at 8 p.m. Any essential business or entity providing essential services or functions shall not be subject to the in-person restrictions.  This includes essential health care operations including research and laboratory services; essential infrastructure including utilities, telecommunication, airports and transportation infrastructure; essential manufacturing, including food processing and pharmaceuticals; essential retail including grocery stores and pharmacies; essential services including trash collection, mail, and shipping services; news media;  banks and related financial institutions; providers of basic necessities to economically disadvantaged populations; construction; vendors of essential services necessary to maintain the safety, sanitation and essential operations of residences or other essential businesses;  vendors that provide essential services or products, including logistics and technology support, child care and services needed to ensure the continuing operation of government agencies and provide for the health, safety and welfare of the public" and "Any other business may be deemed essential after requesting an opinion from the Empire State Development Corporation, which shall review and grant such request, should it determine that it is in the best interest of the state to have the workforce continue at full capacity in order to properly respond to this disaster. No later than 5 p.m. on March 19,

2020, Empire State Development Corporation shall issue guidance as to which businesses are determined to be essential."

13. Deny.

14. Deny that ESD can be sued under 42 U.S.C. § 1983.

15. Deny, except admit that any actions taken by defendant Elizabeth Fine as an employee of ESD in regard to the subject Executive Orders were under color of State Law.

16. Deny the allegations contained in Paragraph 16, except admit that "Plaintiff DSI requested an opinion from Defendant ESD as to whether it was a business that may be deemed 'essential.' "

17. Deny knowledge or information sufficient to form a belief as to when DSI received the email, except admit than an email was sent.

18. Deny knowledge or information sufficient to form a belief as to the motivation behind DSI's email, except admit that an email was sent.

19. Admit.

20. Deny.

21. Deny.

22. Admit.

23. Deny the allegations contained in Paragraph 23, except admit that Executive Order 202.8 states, in part, that: "Each employer shall reduce the in-person workforce at any work locations by 100% no later than March 22 at 8 p.m."

24. Deny the allegations contained in Paragraph 24, except admit that Executive Order 202.8 states, in part, that: "All businesses and not-for-profit entities in the state shall utilize, to the

maximum extent possible, any telecommuting or work from home procedures that they can safely utilize. Each employer shall reduce the in-person workforce at any work locations by 100% no later than March 22 at 8 p.m.  Any essential business or entity providing essential services or functions shall not be subject to the in-person restrictions."

25. Deny.

26. Deny.

27. Deny.

28. Deny knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 28.

## FIRST CAUSE OF ACTION

29. Defendants repeat and re-allege their responses to Paragraphs 1-28 as if set forth fully herein.

30. Deny.

## SECOND CAUSE OF ACTION

31. Defendants repeat and re-allege their responses to Paragraphs 1-28 as if set forth fully herein.

32. Deny.

## THIRD CAUSE OF ACTION

33. Defendants repeat and re-allege their responses to Paragraphs 1-28 as if set forth fully herein.

34. Deny.

## ALL PARAGRAPHS

Deny any allegations which are not expressly admitted or denied.

## DEFENSES

1. The complaint fails to state a claim upon which relief can be granted.

2. Plaintiff Dark Storm lacks standing.

3. Empire State Development Corporation is not a person under the meaning of 42 U.S.C. § 1983.

4. At all relevant times Defendants acted under the reasonable belief that their conduct was in accordance with clearly established law. They are, therefore, protected under the doctrine of qualified immunity as sued in their individual capacity.

5. The complaint is barred, in whole or in part, by the Eleventh Amendment.

6. Defendants are not personally involved in the alleged constitutional or statutory violations, and they are therefore not liable under 42 U.S.C. § 1983.

7. Plaintiffs' claims are not ripe.

8. Plaintiffs' claims are moot.

9. This Court should abstain from consideration of Plaintiffs' claims.

WHEREFORE, Defendants Andrew M. Cuomo, Elizabeth Ruth Fine, and Empire State Development Corporation respectfully ask that this Court deny the relief requested, dismiss the complaint, and grant such other relief as to the Court shall seem is just and equitable.

Dated: Albany, New York
      May 7, 2020

      LETITIA JAMES
      Attorney General of the State of New York

      Attorney for Defendants Andrew M. Cuomo, Elizabeth Ruth Fine and Empire State Development Corporation

      The Capitol
      Albany, New York 12224


      By: *s/ Andrew W. Koster*
      Andrew W. Koster
      Assistant Attorney General, of Counsel
      Bar Roll No.   701106
      Telephone:   (518) 776-2609
      Email: andrew.koster@ag.ny.gov


TO:   James M. Maloney, Esq.
       33 Bayview Avenue
       Port Washington, NY  11050